TRACY A. AGRALL (SBN 100013)
WILD, CARTER & TIPTON
246 W. Shaw Ave.
Fresno, California 93704
Telephone: 559-224-2131 / Fax: 559-229-7295
Email: tagrall@wctlaw.com

MARK F. ENENBACH (admitted Pro Hac Vice)
Nebraska Bar No. 15202
JAMES J. NIEMEIER
Nebraska Bar No. 18838
MCGRATH NORTH MULLIN & KRATZ, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Telephone: 402.341.3070 / Fax: 402.341.0216
Email: menenbach@mcgrathnorth.com
       jniemeier@mcgrathnorth.com

Attorneys for Valmont Northwest, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| In re: GREGORY J. TE VELDE,<br><br>　　　　Debtor.<br><br>RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC,<br><br>　　　　Defendant.<br><br>IRZ CONSULTING, LLC a/k/a/ IRZ CONSTRUCTION DIVISION, LLC,<br><br>　　　　Third Party Plaintiff,<br><br>　v.<br><br>U.S. FARM SYSTEMS, 4 CREEKS, INC.; JOHN FAXIO d/b/a FAZIO ENTINEERING; DARI-TECH, INC.; LASER LAND LEVELING, INC.; MAAS ENERGY WORKS, INC.; GEORGE CHADWICK d/b/a/ GEORGE CHADWICK CONSULTING; VALMONT NORTHWEST, INC.; and NUCOR BUILDING SYSTEMS UTAH LLC,<br><br>　　　　Third Party Defendants. | **Case No. 19-cv-00520-ADA**<br><br>Bankruptcy Case No. 18-11651-B<br>Adv. No. 19-01033<br><br>**VALMONT NORTHWEST, INC.'S OBJECTION TO THE BANKRUPTCY JUDGE'S REPORT AND RECOMMENDATION REGARDING VALMONT NORTHWEST, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 7, 2022<br>Time: 1:30 p.m.<br>Place: 2500 Tulare Street<br>　　　Fresno, CA 93721<br>　　　Courtroom 1, 8th floor |

Third-Party Defendant Valmont Northwest, Inc. (hereinafter "Valmont NW") respectfully submits its specific written objections to Bankruptcy Judge René Lastreto II's Report and Recommendations dated August 26, 2022, (Adversary Proceeding, Doc. No. 418, District Court, Doc. No. 28) (the "Report and Recommendation") regarding Third Party Defendant Valmont Northwest's Motion for Summary Judgment (Adversary Proceeding, Doc. No. 397)[1].

## I. Pertinent Factual and Procedural History[2].

The Trustee filed his Adversary Proceeding against IRZ Consulting Division, LLC ("IRZ") on March 8, 2019. See Adversary Proceeding (Doc. No. 1). In the Adversary Proceeding, the Trustee asserts claims for construction defects he asserted were caused by IRZ's faulty work on the Debtor John te Velde's Lost Valley Farms dairy farm located in Boardman Oregon (the "Lost Valley Farms Project"). Report and Recommendation at p.2. Valmont NW's role in the Lost Valley Farms Project was limited to providing thirty center pivot irrigation systems for the Lost Valley Farms Project. Report and Recommendation at p. 3. Only five of those systems were designed for effluent application, the remaining 25 were solely for clean water application. Id. IRZ brought a third-party complaint against Valmont NW arguing Valmont NW's pivots were defective and caused raw waste to be applied to certain parts of the Lost Valley Farms Project resulting in environmental problems which hindered permitting for the dairy. IRZ asserts causes of action against Valmont NW, for indemnity, contribution and as a negligence claim which seeks only contribution for any liability attributed to IRZ that was caused by Valmont NW's negligence. See Third Party Complaint, Adversary Proceeding, (Bankruptcy Case, Doc. No. 163).

The claims brought by IRZ mirror those that were previously raised by the Trustee in the claim objection (the "Claim Objection") the Trustee filed to Valmont NW's proof of claim in the Bankruptcy Case, Doc. No. 2799. It is uncontroverted that the Trustee and Valmont NW have

---

[1] The references to docket numbers in this case refer to the Docket numbers of the pleadings in the underlying Bankruptcy Case and pertinent Adversary Proceeding, Bankruptcy Case No. 18-11651, In re Gregory John te Velde, (the "Bankruptcy Case") and Adversary Proceeding No. 19-1033, Randy Sugarman, Ch. 11 Trustee (the "Trustee") v. IRZ Consulting, Inc. (the "Adversary Case")

[2] Valmont NW takes the facts listed herein from those the Bankruptcy Judge accepted as uncontroverted and relied on for his Report and Recommendation.

settled all claims that were or could have been brought by the Trustee against Valmont NW related to when they settled the Claim Objection. Those claims all relate to Valmont NW's sale and installation of the Center Pivots at the Lost Valley Farms Project. Pursuant to Valmont NW's settlement with the Trustee, the Trustee fully released and entered into a covenant not to sue Valmont NW regarding any claims now or thereafter arising from Valmont NW's work related to the Lost Valley Farms Project.

Valmont NW filed its answer (the "Valmont NW Answer") on April 26, 2021, Doc. No. 19 in the Adversary Proceeding. In its answer, Valmont NW denied any liability to IRZ and alleged as an affirmative defense that its prior settlement with the Trustee provided a covenant not to sue for the Trustee's claim made in the Claim Objection which effectively barred IRZ's claims against Valmont NW. A copy of the Settlement Agreement and Mutual General Release (the "Settlement Agreement") is attached to Valmont NW's Answer as Exhibit "C" (Doc. No. 191).

On June 23, 2022, Valmont NW filed its Motion for Summary Judgment (the "SJ Motion"), wherein it primarily argued that O.R.S. §31.815, bars IRZ's claims. On August 26, 2022, the Bankruptcy Judge issued the Report and Recommendation and his Order (Adversary Proceeding, Doc. No. 420; District Court, Doc. No. 29), which required that objections to the Report and Recommendation be filed within 21 days of August 26, or on or before September 16, 2022. In the Report and Recommendation, the Bankruptcy Judge found that material issues of fact remained regarding whether the settlement with the Trustee was made in good faith and satisfies the good faith and the notice requirement of O.R.S. §31.815 had been satisfied. Valmont NW hereby objects to those findings as more particularity set forth below.

**II. <u>Valmont NW's Objections to the Report and Recommendation.</u>**

Valmont NW objects to the Bankruptcy Judge's Report and Recommendation's findings and holding that there was insufficient evidence of good faith, and to his findings that there was insufficient notice given of the settlement with the Trustee by Valmont NW to IRZ to allow Valmont NW to qualify for the protections of O.R.S. §31.815.

///

///

### III. The Evidence Valmont NW Relies Upon to Support the Motion and Objection.

Valmont NW relied upon (a) the Declaration of Joe Strickland, (Doc. No. 400 in the Adversary Case) (the "Strickland Decl."); (b) Exhibit "A" to the Strickland Decl., which is the Settlement and Release Agreement between the Trustee and Valmont NW; (c) the following pleadings in the Bankruptcy Case; (a) Valmont's Proof of Claim (Claim No. 28) (the "Valmont NW Claim"), (b) the Claim Objection, (c) the parties' Stipulation resolving that claim objection and contested matter (Doc. No. 3249 in the Bankruptcy Case), (d) the Chapter 11 Trustee Plan of Reorganization (Doc. No. 2409 in the Bankruptcy Case) (the "Plan"), (e) the te Velde Liquidating Trust Agreement (Doc. No. 3066 in the Bankruptcy Case) (the "Liquidating Trust Agreement"), (f) solely for the factual background of Valmont NW's involvement in the Lost Valley Farms Project the Declaration of Patrick Tolman (Doc. No. 3120 in the Bankruptcy Case) (the "Tolman Decl."), and (g) the Declaration of Randy Sugarman, the Liquidating Trustee, (Doc No. 411 in the Adversary Case) (the "Sugarman Decl.").

### IV. Standard of Review / Summary Judgment Standard.

This Court reviews reports and recommendations regarding dispositive motions *de novo*. Fed. R. Civ. P. 72(b)(3). As such, it may accept, reject or modify the recommended disposition received for further evidence; or return the matter to the Bankruptcy Judge with instructions. Id.

Summary judgment is appropriate when the court concludes from the record before it that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The mere existence of some disputed factual issues will not preclude summary judgment, instead, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 247-48.

Once the moving party meets its burden of pointing out the absence of evidence to support the non-movant's claims, the burden shifts to the non-moving party to establish that genuine issues of material fact exists for trial. *Liberty Lobby*, 447 U.S. at 250. The non-moving party must produce "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party ... If the

1  evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*.
2  at 249-250. "If the moving party satisfies his initial burden, the opposing party may not rely on denials
3  in the pleadings, but must produce specific evidence, through affidavits or admissible evidence, to show
4  that the dispute exists." *Bhan v. NME Hospitals, Inc*., 929 F.2d 1404 (9th Cir.), *cert. denied* 112 S.Ct.
5  617 (1991). As held by the Ninth Circuit: "A party opposing a motion for summary judgment must
6  introduce "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to
7  resolve the parties' differing versions of the truth at trial. **A mere scintilla of evidence will not do**, for
8  the jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it
9  may not resort to speculation." *British Airways Board v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978),
10 *cert. denied* 440 U.S. 981 (1979) (emphasis added; citations omitted).

11 "[I]f there is no genuine issue of material fact, and if the resisting party does not present a record
12 sufficient to support a reasonable finding in its favor, a district court has a duty to grant a motion for
13 summary judgment." *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680 (9th Cir. 1985). To prevent
14 summary judgment, the plaintiff must submit evidence of sufficient "caliber or quantity to allow a
15 rational finder of fact to find ... that the plaintiff[s] proved [their] case by the quality and quantity of
16 evidence required by the governing law." *Liberty Lobby*, 477 U.S. at 254. Additionally, if a question of
17 fact exists, but reasonable minds could reach only one conclusion, then summary judgment is still
18 appropriate. *Maynard v. Ferno-Washington, Inc.,* 22 F. Supp. 2d 1171 (E.D. Wash. 1998); *Davis v.*
19 *Niagara Mach. Co.,* 90 Wn.2d 342, 348, 581 P.2ds 1344 (1978). When a non-moving party fails to
20 controvert relevant facts supporting a summary judgment motion, those facts are considered to be
21 established. *Washington Osteopathic Med. Ass'n v. King county Med. Serv. Corp.,* 78 Wn.2d 577, 579,
22 478 P.2d 228 (1970). Thus, summary judgment as a matter of law may be granted to determine a
23 question of fact even if it is based on undisputed evidence.

24 **IV.   Argument.**

25 **A. Oregon Law Applies to This Case**.

26 It is uncontroverted that the center pivots that Valmont NW sold to the Debtor were all installed
27 at Lost Valley Farms in Oregon. The claims brought by IRZ against Valmont NW for negligence,
28 indemnity and contribution are each derivative of the Trustee's negligence and related tort claims, and

Valmont NW's Objection to Report and
Recommendation re: Valmont NW's Motion
for Summary Judgment

5

Case No.: 19-cv-00520-ADA
BK Case No.: 18-1165-A-11

1  all of them arise under state law. As such, Valmont NW submits that Oregon state law will need to be
2  applied to IRZ's claims against it because Oregon is the only state where any alleged torts could have
3  occurred. See, *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th
4  Cir. 2011)(holding a federal court applies substantive state law to state law claims and applying the
5  state law's prohibition on contribution claims against a joint tortfeasor who has entered into a
6  settlement of the injured party's claim in good faith.)[3]

### B. Oregon Law Bars IRZ's Claims for Contribution and Indemnity.

Oregon has enacted a statutory replacement for the common law principle that as a general matter, settlement with the party to whom a common obligation is owed bars contribution claims by other claimants. See, e.g., 18 Am.Jur.2d Contribution §87 (2005)("[a] good faith-settlement between the original plaintiff and a defendant bars any non-settling defendants from seeking contribution from the settling defendant.") O.R.S. §31.815 provides in pertinent part:

> (1) When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> ****
>
> (b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
>
> (2) When a covenant described in subsection (1) of this section is given, the <u>claimant</u> shall give notice of all of the terms of the covenant to all persons against whom he makes claims.
>
> O.R.S. § 31.815 (emphasis added).

This Oregon law has only two requisites, evidence of good faith, and a requirement that the <u>claimant</u> give notice of the settlement to all persons against whom the claimant makes claims. However, in the Report and Recommendation at p. 11, the Bankruptcy Judge effectively imposed the burden of notice on Valmont NW by finding Valmont NW had a duty to give notice or require the Trustee to give notice of settlement and covenant not to sue to IRZ. See Report and

---

[3] Valmont NW previously argued alternatively that if California law applied, the results would be the same. However, Valmont NW submits Oregon law is the correct law to be applied in this case.

1  Recommendation at p. 16. This was in err, because O.R.S. § 31.815 does not place that requirement
2  on Valmont NW but only on the Trustee, when it requires the <u>claimant</u> not the <u>settling defendant</u> to
3  give such notice.

4  Oregon case law supports this view. In *McCarthy v. Hensel Phelps Const. Co.*, 667 P.2d
5  558, 560 (Or. App. 1983), the Court addressed application of O.R.S. § 18.455 which contained the
6  same language as O.R.S. §31.815 regarding notice. In that case the plaintiff sought damages for
7  personal injury and loss of consortium against several alleged joint tortfeasor defendants including
8  in part the State of Oregon and Laneguard, Inc. Id. at 558-59. While the jury deliberated the State
9  settled with the Plaintiff and received a release and covenant not to sue. Id. at 559. Following the
10 verdict Laneguard sought contribution from the State and the State defended citing O.R.S. 18.455.
11 Laneguard argued that the statute was not satisfied because the State had not given it notice of the
12 settlement with the Plaintiffs. Id. The Court rejected that argument noting that it and Laneguard's
13 arguments are "primarily based on a misreading of ORS §18.455". Id. The Court disposed of
14 Laneguard's lack of notice argument holding: "[t]he short answer to this contention is that the duty
15 to disclose lay with the plaintiffs, not the State: ***the claimant shall give notice***to all persons
16 against whom he makes claims." Id.

17 Valmont NW submits, that the Bankruptcy Judge similarly misapplied O.R.S. §31.815 in
18 the Report and Recommendation when he read into that statute a requirement that Valmont NW
19 either give notice of the settlement with the Trustee to IRZ or cause the Trustee to do so in order to
20 be covered by that statute's protections. Those requirements are not in the statute and as the
21 *McCarthy* Court held it is a misapplication of that statute to impose that burden on the defendant
22 before allowing the bar to contribution claims that O.R.S. §31.815 provided to apply. Therefore,
23 Valmont NW remains entitled to the protections of O.R.S. §31.815 notwithstanding the fact it did
24 not give affirmative notice to IRZ of its settlement with the Trustee as no such requirement exists
25 under O.R.S. §31.815.

26 The only additional requirement under Oregon law for the protection against contribution
27 claims of O.R.S. §31.815 to apply to Valmont NW is the requirement that the settlement agreement
28 and covenant not to sue be entered into in good faith. The Bankruptcy Judge in the Report and

Recommendation found a fact issue regarding this requirement based upon what he viewed as a lack of sufficient direct evidence of good faith presented by Valmont NW. The good faith of the parties entering into the Settlement Agreement was only first questioned by IRZ in its Opposition to the SJ Motion. Valmont NW challenged that assertion in its reply citing to the Strickland Declaration, the Plan, the Liquidating Trust Agreement, and the Sugarman Declaration.

Specially, the Strickland Declaration attested that the Settlement Agreement was entered into only after litigation, including discovery and extended negotiations. See Strickland Decl. ¶2. As such, it was not entered without forethought and consideration of the pertinent factual and legal issues. In addition, Valmont NW explained that the Trustee was required under the Plan and Liquidating Trust Agreement to exercise the rights granted to him/her in his/her best judgment, to the end that the affairs of the Liquidating Trust would be properly managed and the interests of all the Trust Beneficiaries and the Debtor safeguarded. See, Liquidating Trust Agreement p. 11, Article VIII, Sec. A. Similarly, Valmont NW had no duty or ability to explore the Trustee's good faith and propriety of the actions taken when he entered into the Settlement Agreement, because the Liquidating Trust Agreement effectively provided a safe harbor to third parties and allow them to accept regarding the propriety of his actions without further inquiry:

> "[i]n the absence of actual knowledge to the contrary, any person dealing with the Liquidating Trust or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee's agents to act in connection with the Liquidating Trust Assets. <u>No person or entity which may deal with Liquidating Trustee shall have any obligation to inquire into the validity or expedience or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee</u>." Bankruptcy Case Doc. No. 3066 at p. 11 Article VIII B (emphasis added).

Finally, the Trustee himself testified to the parties' good faith in entering into the Settlement Agreement which granted Valmont NW the releases and covenant not to sue contained therein. Mr. Sugarman attests in his Declaration that the Settlement Agreement was vetted with the Liquidating Trust Committee and both he and the Committee believed it represented a good faith arms-length resolution of the claim litigation against Valmont NW, which provided the estate with a substantial

(over 50% reduction) of Valmont NW's claim and put an end to potentially costly continuing litigation." Sugarman Decl. ¶4.  The Trustee further attested that the release and covenant not to sue in the Settlement Agreement were insisted on by Valmont NW, and that the parties fully intended "to effectively release Valmont NW from claims of the Liquidating Trustee, Debtor's Estate and all parties claiming by or through them that were related to the Lost Valley Farms Project, including indemnity and contribution claims arising out of any claims [the Trustee] might bring on behalf of the Liquidating Trust, or Debtor's Estate against third parties such as IRZ for their role in the Lost Valley Farms Project." Sugarman Decl. ¶5.

Valmont NW submits the evidence it submitted in support of SJ Motion as listed above sufficiently established the good faith of the parties' settlement so as to state a prima facia case for the effectiveness of the covenant not to sue as a bar to IRZ claims under O.R.S. §31.815 that IRZ must rebut. See, e.g. *Liberty Lobby*, *supra*. 447 U.S. at 249-50   (holding once the moving party meets its burden of pointing out the absence of evidence to support the non-movant's claims, the burden shifts to the non-moving party to establish that genuine issues of material fact exists for trial). *Bhan v. NME Hospitals, Inc*., 929 F.2d 1404 (9th Cir.), *cert. denied* 112 S.Ct. 617 (1991). Holding that "[i]f the moving party satisfies his initial burden, the opposing party may not rely on denials in the pleadings, but must produce specific evidence, through affidavits or admissible evidence, to show that the dispute exists." *Bhan v. NME Hospitals, Inc*., 929 F.2d 1404 (9th Cir.), *cert. denied* 112 S.Ct. 617 (1991). As we discussed below, IRZ has not done so.

The only purported "evidence" that IRZ offers to rebut Valmont NW's evidence and support its claim the Settlement Agreement was entered into in bad faith is the lack of notice to IRZ of the settlement, and IRZ's claim that Valmont NW paid insufficient consideration for the settlement, because it did not make an affirmative payment to the Trustee as consideration for the release and covenant not to sue.  As noted above, Valmont NW had no duty to give notice of the settlement or covenant not to sue to IRZ under O.R.S. §31.815. Therefore, IRZ's lack of notice claims do not overcome Valmont NW's evidence of good faith. Similarly, IRZ's lack of consideration argument ignores the uncontroverted fact that Valmont NW released more than half of its claim, reducing it from $$2,390,368.39 to $1,050,000.00. This resulted in a much smaller unsecured creditor pool to

the benefit of the unsecured class, which clearly supported a finding of adequate good faith and sufficient consideration to satisfy O.R.S. 31.815. Valmont NW submits this is especially true in light of the uncontroverted fact that Valmont NW's had a very limited role in the Lost Valley Farms Project. It simply supplied and installed center pivots at Lost Valley Farms and had no role in the design of the dairy or its waste management system. Further, IRZ put forth no evidence that Valmont NW has any greater liability to the Trustee than Valmont NW has already effectively paid by its claim's reduction under the Settlement Agreement.

**IV. Conclusion.**

The Bankruptcy Judge's Report and Recommendation found two issues of material fact precluded summary judgment in this case; (1) a material factual issue regarding the Trustee and Valmont NW's good faith and (2) a material factual issue regarding Valmont NW's provision of notice regarding its settlement with the Trustee. As the foregoing discussion illustrates there was sufficient evidence of the Trustee's and Valmont NW's good faith submitted in support of the motion, and insufficient rebuttal evidence to create a material fact at issue submitted in opposition to the SJ Motion by IRZ. Similarly the determination in the Bankruptcy Judge's Report and Recommendation that Valmont NW was effectively required to either give notice or cause the Trustee to do so under O.R.S. §31.815 before it could claim its bar to contribution claims is unsupported both by the statute and the *McCarthy* case discussed above. For these reasons, Valmont NW submits the Report and Recommendation should be rejected and reversed with its Motion for Summary Judgment granted.[4]

///
///
///
///
///

---

[4] At a minimum, given the only factual issue the Court found is the good faith of the Trustee's and Valmont NW's settlement, Valmont NW submits any such denial of the SJ Motion should be without prejudice to its ability to request a good faith determination in this proceeding prior to trial.

Dated: September 16, 2022          WILD, CARTER & TIPTON

By: /s/    Tracy A. Agrall
Tracy A. Agrall, Esq. (SBN 100013)

MCGRATH, NORTH, MULLIN & KRATZ, PC, LLO

By: /s/    Mark F. Enenbach
Mark F. Enenbach, Esq. (NE Bar No. 15202)
James J. Niemeier, Esq. (NE Bar No. 18838)

*Attorneys for Valmont Northwest, Inc.*