MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
  kyle.s@millernash.com
Vanessa T. Kuchulis, Admitted Pro Hac Vice
  vanessa.kuchulis@millernash.com
Benjamin P. Tarczy, CSB No. 308367
  benjamin.tarczy@millernash.com
US Bancorp Tower
111 SW Fifth Avenue, Suite 3400
Portland, Oregon 97204
Telephone:   503.224.5858
Facsimile:   503.224.0155

MCCORMICK, BARSTOW, SHEPPARD, WAYTE
& CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 North Fresno Street
Fresno, California 93720
Telephone:   559.433.1300
Fascimile:   559.433.2300

Attorneys for Defendant/Third-Party Plaintiff,
IRZ CONSULTING, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>GREGORY JOHN TE VELDE,<br><br>Debtor. | **Case No. 19-cv-00520-ADA**<br><br>Bankruptcy Case No.: 18-11651-B<br>Adv. Proc. No.: 19-01022 |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC;<br><br>Defendant. | **THIRD PARTY PLAINTIFF IRZ CONSULTING'S RESPONSE TO THIRD-PARTY DEFENDANT VALMONT NORTHWEST, INC.'S OBJECTION TO THE BANKRUPTCY JUDGE'S REPORT AND RECOMMENDATION REGARDING VALMONT NORTHWEST, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Bankr. Ct. Dkt # 418, Dist. Ct. Dkt #30]** |

| | |
|---|---|
| 1 | IRZ CONSULTING, LLC, a/k/a IRZ CONSTRUCTION DIVISION, LLC, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5 | U.S. FARM SYSTEMS; 4 CREEKS, INC.; JOHN FAZIO d/b/a FAZIO ENGINEERING; DARI-TECH, INC.; LASER LAND LEVELING, INC.; MAAS ENERGY WORKS, INC.; GEORGE CHADWICK d/b/a GEORGE CHADWICK CONSULTING; VALMONT NORTHWEST, INC.; and NUCOR BUILDING SYSTEMS UTAH LLC, |
| 10 | Third-Party Defendants. |

Third-party plaintiff IRZ Consulting, LLC ("IRZ") respectfully submits this response to third-party defendant Valmont Northwest Inc.'s ("Defendant") objections ("Objections") to the Bankruptcy Court's "Report and Recommendation on Third-Party Defendant Valmont Northwest's Motion for Summary Judgment." Bankr. Ct. Dkt # 418, Dist. Ct. Dkt #20 (the "Findings").

## I. INTRODUCTION

Defendant's Objections are summarized through three points, each alleging a general failure by the Bankruptcy Court. These objections are entirely without merit, and repeatedly show the disputed nature of this matter.

Defendant Valmont Northwest, Inc. ("Defendant") brings its Motion for Summary Judgment (the "Motion") based on a "Settlement Agreement and Mutual Release" (the "Agreement") between Randy Sugarman, Trustee for the Estate of Gregory te Velde (the "Trustee"), Valmont Northwest, Inc., and Valmont Industries, Inc., purported to have been fully executed on January 12, 2021. Defendant contends, despite IRZ not being a party to this settlement agreement, that such settlement agreement bars any claim by IRZ against Defendant. As the Bankruptcy Court noted, Defendant asserts this claim without providing any direct

evidence of good faith settlement in the Motion and such a claim is in direct contradiction with both Oregon and California law.

For these reasons, Defendant's Objections must be overruled.

## II.   STATEMENT OF MATERIAL FACTS

The underlying bankruptcy case involves the bankruptcy of Gregory John te Velde ("Debtor"), who owned and operated a large dairy in Boardman, Oregon. Sugarman filed a Claim Objection and complaint against IRZ alleging over $18.8 million in damages sounding in negligence and breach of contract relating to alleged construction defects of the dairy at the Lost Valley Farms (the "Complaint").  Because IRZ was hired strictly to provide project management services to assist Debtor as general contractor in the construction of the dairy, IRZ filed its Third-Party Complaint alleging negligence, indemnity, and contribution against nine third-party defendants whose work relates to the allegations in the Trustee's complaint.  Defendant is one of those nine third-party defendants.

As stated in its Motion for Summary Judgment, Defendant was intimately involved in the construction and installation of the dairy waste management system at Lost Valley Farms. Defendant claims it contracted to provide center pivot irrigation systems in exchange for roughly $6.32 million.  Defendant further claims that the amount was not paid in full by the Debtor, Gregory te Velde, and $2,390,368.39 was left outstanding.

On July 17, 2018, Defendant filed a Proof of Claim against Gregory te Velde in the amount of $2,390,368.39. *See* Case 18-11651, Claim 28-1.  On October 7, 2019, the Trustee filed its Objection to Proof of Claim of Valmont Northwest, Inc. ("Objection to Proof of Claim") *See* Case 18-11651, Doc 2799. Significantly and unlike its actions against IRZ, the Trustee **did not** bring a complaint for damages against Defendant accompanying its Objection to Proof of Claim.

Defendant contends that the Trustee, Defendant, and Valmont Industries, Inc. entered into the Agreement purported to have been fully executed on January 12, 2021.  Defendant contends that the Agreement provided that Defendant shall be deemed to have an allowed general unsecured claim in Case 18-11651 in the amount of $1,050,000.00, and the Trustee was not to receive any payment for claims the Trustee had against Defendant. IRZ must provide this

information on information and belief, as IRZ was not consulted on the Agreement in any way, and IRZ had no intention of releasing Defendant from any claims IRZ had against Defendant. In a mutual general release within the Agreement, the Trustee and Defendant specifically contemplated and acknowledged a potential claim by IRZ and tacitly acknowledged that the Agreement would not preclude such claims. Paragraph 3 of the Agreement states, in pertinent part:

> In addition, in consideration of Valmont obligations herein, if the Trustee compromises, settles or otherwise consensually resolves in any manner its pending litigation with IRZ Consulting Services, LLC ("IRZ") or any co-defendant therein, then in such event, the Trustee agrees to use the Trustee's best efforts to include terms in any such settlement agreement that effectively provides a global release of any claims by IRZ against Valmont Northwest and its parent and affiliates including without limitation Valmont Industries, Inc. related to the facts asserted and claims raised by the Trustee against IRZ and Valmont Northwest, whether in the Bankruptcy Case or any adversary proceeding or other related litigation.

Trustee and Defendant took no action to seek a judicial determination of good faith settlement after executing the Agreement. The Agreement did not arise in the adversary proceeding initiated by the Trustee against IRZ (AP No. 19-01033). It was a stipulation and order that only resolved a two-party dispute in the main Chapter 11 case and the settlement wasn't even noticed to all creditors as a compromise of controversy under Rule 9019 of the Federal Rules of Bankruptcy Procedure. So not only was there no "good faith settlement" hearing, there was no hearing whatsoever allowing IRZ or any other party to participate or object. Despite the Agreement being fully executed as of January 12, 2021, Defendant now claims that the Agreement bars claims by IRZ against Defendant.

### III.   STANDARD FOR SUMMARY JUDGMENT

As the Bankruptcy Court noted, Defendant, as the moving party, bears the burden of making a factual showing negating the existence of all causes of action on all theories embodied in IRZ's complaint by demonstrating that there are no genuine issues as to any material facts—if it fails to meet this burden, its motion must be denied in whole. Federal Rules of Civil Procedure, Rule 56(c), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Defendant cannot merely argue that its evidence is the most persuasive or try to "explain away" evidence dis-favorable to

its defenses; rather, it must show that there are no material facts at dispute or which can be reasonably resolved by a trier of fact in favor of IRZ. *See Anderson*, 477. U.S. at 250-251, *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("[s]ummary judgment is not appropriate" if a reasonable jury *could* find in the plaintiff's favor (emphasis added).)  "Causation may be determined as a question of law appropriate for resolution on summary judgment 'only if, under undisputed facts, there is no room for a reasonable difference of opinion.'" *McClure v. Prisoner Transportation Services of America, LLC* (E.D. Cal., Apr. 25, 2022, No. 118CV00176DADSKO) 2022 WL 1214935, at *6 (internal citations omitted).

Under Federal law, Defendant's burden is purposefully significant, as the Court must draw all reasonable inferences in the light most favorable to the non-moving party and, thus, in favor of denying summary judgment. *See Anderson*, 477. U.S. at 255. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Hutchins v. TNT/Reddaway Truck Line, Inc.*, 939 F. Supp. 721, 723 (N.D. Cal. 1996).

## IV.    RESPONSES TO DEFENDANT'S OBJECTIONS

### A.    The Court Correctly Considered Both Oregon Law and California Law in Reaching Its Decision.

Defendant's argument the Oregon Law unequivocally applies in this case was never raised in its moving papers, and is inappropriate as an objection to the Court's findings.  As the Court noted in its Findings, Defendant raised the argument of applying California law in its moving papers, and urged the Court to consider California law.  Now that the Findings have recommended that Defendant's Motion be denied, Defendant now seeks to preclude the use of California law.

The Court correctly notes that Defendant raised California law in its Motion. Furthermore, the Court correctly notes that the Agreement is silent as to choice of law.  However, as discussed in oral argument, the Agreement bases its release on California Civil Code Section 1542 as the basis for its general release. The Court correctly noted that the Ninth Circuit has determined that it "makes eminent sense" for a good faith determination under this statute to be made by a federal trial court. *Federal Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th

Cir. 1990). The Agreement clearly contemplated the use of California law in determining the release provisions of the Agreement. As such, the Court's consideration of California Law was appropriate.

Although not the sole basis for denial, the Court correctly noted that nothing in Valmont's motion establishes that IRZ received notice of the terms of the settlement. (Findings, p. 14:8-9). Under California Code of Civil Procedure § 877.6, that is mandatory. Because Defendant did not comply with the notice requirements of California law, its Objections must be overruled.

**B.  The Court Correctly Found That Defendant's Failure to Give Notice of the Agreement is Fatal to the Motion.**

The Findings correctly noted that "under Oregon law, at least IRZ should have notice to contest the good faith of the settlement" and that "[t]he lack of notice is fatal to this motion." (Findings, p. 14:10-13).

Plaintiff relies on *McCarthy v. Hensel Phelps Const. Co.*, 667 P.2d 558, 560 (Or. App. 1983) for the proposition that a claimant must give notice. The instant matter is distinguishable from that of *McCarthy*, in that Defendant itself was a claimant. (Findings, p. 14:22). It was the Trustee that owed damages to Defendant, and the Agreement resolved the amount owed by the Trustee to Defendant. (Findings, p. 14:24-15:4). Defendant filed a claim for $2.4 million and settled that claim, knowing that IRZ's litigation with the Trustee remained outstanding. (*Id.*). Defendant reduced that claim to $1,050,000.00. Defendant itself was a claimant that was required to give notice by O.R.S. § 31.815.

Again, although not the sole basis for denial, the Court correctly noted that nothing in Valmont's motion establishes that IRZ received notice of the terms of the settlement. (*Id.* at p. 14:8-9).As such, the Court correctly noted that there is a genuine issue of material fact as to notice, and as such, Defendant's Objections must be overruled.

**C.  The Court Correctly Found That There Is A Genuine Issue Of Material Fact As To Whether The Covenant Not To Sue Was Given In Good Faith.**

The Findings correctly found that "there are many material factual issues surrounding the good faith of the settlement." (Findings, p. 16:5-7). Defendant submitted no direct evidence in

its Motion to support a finding of good faith other than the sentence "the good faith of the release and covenant not to sue 'has not been nor could it be reasonably controverted.'" (*Id.* at 15:17-19).

Defendant's contention that it did not do so because no objection had been raised prior to the Opposition to the Motion is both nonsensical and entirely without merit.  As a preliminary matter, Defendant is arguing in these very objections that its failure to give notice should be excused because it had no obligation to give notice to IRZ of the settlement.  To contend that IRZ should have objected sooner despite not receiving notice is nonsensical and directly contradictory to Defendant's previous argument.  Furthermore, Defendant has brought this motion for summary judgment, and Defendant has the burden of proving there are no genuine issues of material fact. (*Anderson*, 477 U.S. at 250-51; Findings, p. 16:3-5).  Defendant cannot claim ignorance of the requirement to affirmatively show good faith; the requirement is found in the very statute that is the basis for its Motion, O.R.S. § 31.815.  Defendant's failure to submit affirmative evidence is fatal to its Motion, and its objections must be overruled.

To the extent its belatedly submitted evidence is considered, the Court correctly found that the declarations in question do not address the issues of Defendant's potential liability, if any, and that of IRZ and the third-party defendants, rough approximation of the Trustee's total recovery and proportionate fault of IRZ and the third-party defendants, if any, potential insurance issues. (Findings, p. 16:7-11).  Defendant's reliance on the Liquidating Trust Agreement is misplaced, as Oregon law has held that more direct proof is needed than legal presumptions.  *See State By & Through State Acc. Ins. Fund Corp. v. Barkman*, 101 Or. App. 20, 26 (1990).  At best, Defendant's belatedly submitted evidence show a genuine issue of material fact.  As such, Defendant's objections must be overruled.

///

///

///

///

## V. CONCLUSION

For the reasons stated above, IRZ respectfully requests that the Court join with the proper Findings of the Bankruptcy Court and enter an order denying Defendant's motion for summary judgment.

Dated: September 30, 2022     MILLER NASH LLP

By: _____
Kyle D. Sciuchetti, OSB No. 965705,
admitted *pro hac vice* by Doc. No. 68
Attorneys for Defendant IRZ Consulting, LLC