MILLER NASH LLP
Kyle D. Sciuchetti, Admitted Pro Hac Vice
   *kyle.s@millernash.com*
Vanessa T. Kuchulis, Admitted Pro Hac Vice
   *vanessa.kuchulis@millernash.com*
Benjamin P. Tarczy, CSB No. 308367
   *benjamin.tarczy@millernash.com*
US Bancorp Tower
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204
Telephone:   503.224.5858
Facsimile:   503.224.0155

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Hagop T. Bedoyan, CSB No. 131285
7647 North Fresno Street
Fresno, CA 93720
Telephone:   559.433.1300
Fascimile:   559.433.2300

Attorneys for Defendant/Third-Party Plaintiff,
IRZ Consulting, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 18-11651-A-11 |
| GREGORY JOHN TE VELDE, | Chapter 11 |
| Debtor. | Adv. Pro. No. 19-01033-B |
| | **District Ct. Case No. 19-cv-00520-ADA** |
| RANDY SUGARMAN, CHAPTER 11 TRUSTEE, | **DEFENDANT IRZ CONSULTING, LLC'S OBJECTION TO THE BANKRUPTCY JUDGE'S REPORT AND RECOMMENDATION REGARDING GEORGE CHADWICK dba GEORGE CHADWICK CONSULTING'S MOTION FOR ORDER ESTABLISHING GOOD FAITH SETTLEMENT** |
| Plaintiff, | |
| v. | |
| IRZ CONSULTING, LLC; aka IRZ CONSTRUCTION DIVISION, LLC; | |
| Defendant. | |

| | |
|---|---|
| 1 | IRZ CONSULTING, LLC, a/k/a IRZ CONSTRUCTION DIVISION, LLC, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5 | U.S. FARM SYSTEMS; 4 CREEKS, INC.; JOHN FAZIO d/b/a FAZIO ENGINEERING; DARI-TECH, INC.; LASER LAND LEVELING, INC.; MAAS ENERGY WORKS, INC.; GEORGE CHADWICK d/b/a GEORGE CHADWICK CONSULTING; VALMONT NORTHWEST, INC.; and NUCOR BUILDING SYSTEMS UTAH LLC, |
| 10 | Third-Party Defendants. |

Defendant IRZ Consulting, LLC aka IRZ Construction Division, LLC (hereinafter "Defendant") respectfully submits these specific written objections to Bankruptcy Judge René Lastreto II's Report and Recommendations, dated November 10, 2022, (Adversary Proceeding Doc. No. 633, District Court Doc. No. 43) (the "Report and Recommendation") regarding plaintiff Randy George Chadwick dba George Chadwick Consulting's ("Chadwick") Motion For Order Establishing Good Faith Settlement (Adversary Proceeding Doc. No. 579).

I.  **STATEMENT OF MATERIAL FACTS**

The underlying bankruptcy case involves the bankruptcy of Gregory John te Velde ("Debtor"), who owned and operated a large dairy in Boardman, Oregon. Sugarman filed a Claim Objection and complaint against IRZ alleging over $18.8 million in damages sounding in negligence and breach of contract relating to alleged construction defects in the dairy at the Lost Valley Farms (the "Complaint"). Because IRZ was hired strictly to provide project management services to assist Debtor as general contractor in the construction of the dairy, IRZ filed its Third-Party Complaint alleging negligence, indemnity, and contribution against nine third-party defendants whose work relates to the allegations in the Trustee's complaint. Chadwick is one of those nine third-party defendants.

As stated in its Motion, Chadwick provided hydro-geologic characterization and groundwater monitoring, including oversight of the installation of alluvial monitoring wells and preparing a groundwater monitoring plan, relied upon by the Debtor for the dairy. *See* Motion at p. 3:17-26.

Chadwick contends that Plaintiff and Chadwick entered into the Agreement wherein the parties "agreed to a 'walk away' settlement in order for Chadwick to avoid spending further funds preparing and serving a Motion for Summary Judgment and for the Trustee to avoid spending funds opposing the same." *See* Motion at p 6:12-15; Exhibit A to Diaz Decl. It must be noted that Plaintiff has not brought an action against Chadwick and thus, no summary judgment motion could be filed by Chadwick against plaintiff, and no opposition would be required of Plaintiff.

Chadwick now claims that the Agreement between Chadwick and Plaintiff to pay nothing to each other bars claims by IRZ against Chadwick.

## II. ARGUMENT

### A. Standard for Determination of Good Faith Settlement.

The relevant statutes governing an application for good faith settlement in California are Cal. Code of Civil procedure sections 877 and 877.6.

Section 877, in pertinent part, states:

"Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, ... it shall have the following effect:
(a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater.
(b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties."

Section 877.6, in pertinent part, states:

(a)(1) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors ... shall be entitled to a hearing on the issue of the good faith of a

settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors....
(b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing.
(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor ... from any further claims against the settling tortfeasor ... for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

The seminal case establishing standards for good faith settlement, *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499, (1985), established factors to be considered in determination of good faith settlement. These include: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if they were found liable after a trial; (5) the financial conditions and insurance policy limits of settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. *Id.* California courts have further added "potential liability for indemnity to a non-settling defendant" as another factor and important consideration. *TSI Seismic Tenant Space, Inc. v. Superior Ct.*, 149 Cal. App. 4th 159, 166 (2007); *see also West v. Superior Court*, 27 Cal.App.4th 1625, 1636–1637 (1994). The fundamental purpose of Cal. C.C.P. § 877.6 is the "encouragement of settlements and the equitable allocation of costs among multiple tortfeasors." *Tech-Bilt, Inc.*, Cal. 3d at 498–499.

"When . . . a [third-party] defendant enters into a disproportionately low settlement with the plaintiff solely to obtain immunity from the [third party] complaint, the inference that the settlement was not made in good faith is difficult to avoid." *Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1354, (1995), as modified on denial of reh'g (Oct. 26, 1995).

**B.     The Report and Recommendation Incorrectly Found that Chadwick, as Settling Party, Made an Evidentiary Showing that the Settlement was in Good Faith.**

In granting Chadwick's Motion, the Report and Recommendation held that "Chadwick

has set forth an evidentiary basis for finding that the Settlement Agreement was executed in good faith."

It is well established law in California that once a settlement is attacked as lacking in good faith, a settling party is "required to file counter-affidavits to make an evidentiary showing that the settlement was 'in the ballpark.'" In the absence of such a showing by [U.S. Farm], as the party seeking approval of the good faith settlement, there is "no substantial evidence to support a critical assumption as to the nature and extent of [the] settling party's liability[.]" (*Mattco Forge, Inc. v. Arthur Young & Co.*, 38 Cal. App. 4th 1337, 1350, 45 Cal. Rptr. 2d 581, 589 (1995), as modified on denial of reh'g (Oct. 26, 1995), *quoting Toyota Motor Sales U.S.A., Inc.v. Superior Court*, 220 Cal.App.3d 864, 871 (Cal. Ct. App. 1990), as modified (June 5, 1990); Cal. Code of Civil procedure section 877.6 subd. (d).)

Chadwick has not made such an evidentiary showing. Chadwick submitted three counter-affidavits: one by Chadwick's attorney, Michael Diaz, one by Chapter 11 Trustee, Randy Sugarman, and one by Chadwick's current General Manager, Joel Edmonds.  Declarants Michael Diaz and Randy Sugarman are individuals who had no involvement in the operation of the farm during the relevant time period.  Mr. Diaz's declaration relates only to negotiations of settlement, and Mr. Sugarman's involvement with the dairy occurred only after the Dairy failed and bankruptcy ensued.  In the declaration by Joel Edmonds, he admits that he did not become involved with the dairy until after Chadwick's work related to ODA and CAFO permits was completed.  In total, Mr. Edmonds' declaration states only that Chadwick's work product and ethic were impeccable only during the time that Mr. Edmonds observed the work, which he declares was after ODA and CAFO permits were issued.  No declaration submitted includes any information by a party with personal knowledge during the time the ODA and CAFO permits were issued, which is the central issue underlying Plaintiff's complaint.

The Report and Recommendation appears to rely on statements made by Chadwick's counsel during oral argument to identify Chadwick's specific role at the dairy.  The statements made by Chadwick's counsel are not supported by declarations, nor any evidence at all, and should not be considered in determining whether Chadwick has provided substantial evidence as

to the nature and extent of Chadwick's liability.

### C. The Report and Recommendation Incorrectly Relied on Oregon Revised Statute Section 31.815 in its Determination.

In granting Chadwick's Motion, the Report and Recommendation held that "Chadwick provided evidence of good faith" in compliance with O.R.S. § 31.815. Chadwick did not bring the instant motion under O.R.S. § 31.815 and makes no reference to such statute anywhere in its moving papers. Chadwick has not sought any determination under O.R.S. § 31.815 and making such a determination is beyond the instant Motion.

### III. CONCLUSION

For the reasons stated above, Defendant requests the Report and Recommendation be rejected and reversed and that Chadwick's motion for an order determining good faith settlement be denied in its entirety.

Dated: February 7, 2023         MILLER NASH LLP

By: _____
Kyle D. Sciuchetti, OSB No. 965705, admitted *pro hac vice*
Benjamin P. Tarczy, CSB No. 308367
Hagop T. Bedoyan, CSB No. 131285
Attorneys for Defendant/Third-Party Plaintiff IRZ Consulting, LLC